UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SUSAN D. CHEVALLIER | CIVIL ACTION |
| VERSUS | |
| OUR LADY OF THE LAKE HOSPITAL, INC. | NO.: 18-0997-BAJ-EWD |

## RULING AND ORDER

Before the Court is the **Motion to Stay (Doc. 5)** filed by Defendant Our Lady of the Lake Hospital. Plaintiff Susan Chevallier filed a response. (Doc. 6). For the reasons stated herein, the **Motion to Stay (Doc. 5)** is DENIED.

### I. BACKGROUND

Plaintiff is an individual who communicates primarily through the use of American Sign Language (ASL). (Doc. 1 at p. 2). In November of 2017, Plaintiff's primary care physician determined that she was experiencing a psychotic break. (*Id.* at p. 4). He issued a Physician's Emergency Certificate, which allows a physician to commit a patient to a mental health hospital or psychiatric facility for seventy-two hours of observation. (*Id.*) Plaintiff was transported to the Defendant's emergency room for treatment. (*Id.*)

Plaintiff claims that Defendant did not provide her with an ASL interpreter, and as a result, she lacked effective means of communication with hospital staff during her stay. (Doc. 1 at p. 5). Defendant was allegedly aware that Plaintiff was

1

traumatized from being sexually abused as a child and thus could not communicate through a male ASL interpreter or a Video Remote Interpretation service. (*Id.*) Plaintiff contends that although she was hospitalized with Defendant from November 3, 2017 through November 13, 2017, Defendant did not provide a live female ASL interpreter until November 10, 2017. (*Id.* at p. 6). In November of 2018, Plaintiff filed this lawsuit seeking relief under (1) Section 504 of the Rehabilitation Act, (2) Title III of the Americans with Disabilities Act, and (3) Section 1557 of the Patient Protection and Affordable Care Act. (*Id.* at pp. 10-14).

Plaintiff simultaneously filed a negligence claim against Defendant in the 19th Judicial District and asserted that hospital staff failed to properly secure her personal belongings during her hospitalization. (Doc. 6-1 at p. 2). Plaintiff claimed that her possessions were stolen as a result. (*Id.*) Plaintiff also requested that a medical review panel evaluate the state law claim pursuant to the Louisiana Medical Malpractice Act (LMMA).[1] (Doc. 6-2 at p. 1).

Defendant now moves to stay the case, asserting that Plaintiff sets forth claims in her federal complaint that are grounded in medical malpractice, but that have not been considered by a medical review panel. (Doc. 5 at p. 1). Defendant also contends that because Plaintiff's federal and state law claims are inherently intertwined, the case should be stayed pending the decision of the medical review panel.

---

[1] The LMMA provides that a medical malpractice claim against a private health care provider is subject to dismissal if such a claim has not first been presented to a medical review panel. La. R.S. 40:1231.8(A)(1)(a)(2017). Plaintiff asserts that although her state law claim is not subject to the LMMA, she requested the review out of an abundance of caution.

2

## II. DISCUSSION

### A. Louisiana Medical Malpractice Act

#### 1. *Plaintiff's Claims under Federal Law*

Defendant claims that the LMMA requires the Court to stay Plaintiff's federal claims until they are heard by a medical review panel. (Doc. 10 at p. 2). As stated previously, the LMMA prohibits a plaintiff from commencing a medical malpractice action against a healthcare provider until after a panel has rendered an expert opinion on the proposed complaint. La. R.S. 40:1231.8. Defendant claims that Plaintiff's federal claims involve allegations of lack of informed consent to treatment and thus "sound in medical malpractice" under the LMMA. (Doc. 5-1 at p. 5). Accordingly, Defendant argues that such claims must be heard by a medical review panel.

Defendant's argument is unsupported by the law. Irrespective of whether Plaintiff's federal claims include a medical malpractice allegation, the law is clear that Plaintiff's federal claims are not subject to the LMMA's medical review panel requirement. District courts in Louisiana have concluded that, under the Supremacy Clause of the United States Constitution, a plaintiff seeking relief under the Rehabilitation Act against a federal grantee need not meet the LMMA's medical review panel requirement.[2] *Bernius v. Ochsner Medical Center-North Shore, L.L.C.*, No. 16-14730, 2016 WL 10586188, at *7 (E.D. La. Dec. 15, 2016) (citing *Taylor v. City of Shreveport*, 798 F.3d 276, 284 (5th Cir. 2015) (holding that a plaintiff need not

---

[2] In his complaint, Plaintiff alleges that Defendant is a recipient of federal financial assistance including Medicare and/or Medicaid reimbursements. (Doc. 1 at p. 3).

3

exhaust administrative remedies before pursuing a claim against a federal grantee under the Rehabilitation Act). Courts have similarly applied the Supremacy clause to find that plaintiffs bringing claims under the ACA and ADA also need not meet the medical review panel requirement. *E.g.*, *Lockwood v. Our Lady of the Lake Hosp., Inc.*, No. CV 17-00509-SDD-EWD, 2018 WL 3451514, at *6 (M.D. La. July 17, 2018). Accordingly, the Court is not required to stay Plaintiff's federal claims under the LMMA.

### 2. *Plaintiff's Purported Claims under State Law*

Defendant asserts that to the extent that Plaintiff's pleaded facts give rise to the state law claims of medical malpractice and claims under the Louisiana Commission on Human Rights Act, such claims must be heard by a medical review panel. The Court finds this argument to be unavailing. (Doc. 10 at p. 3). The complaint only alleges violations of federal law. It does not specify any state law violations. However, for Defendant's benefit, the Court notes that it will hold Plaintiff to the specific violations of law alleged in the Complaint.

### B. Federal and State Law Claims Not Inextricably Intertwined

Defendant also alleges that Plaintiff's state law negligence claim regarding lost property and the federal claims regarding the unavailability of a female ASL interpreter are so intertwined that a stay should be granted until the medical review panel renders its opinion. A district court has "wide discretion to control the course of litigation, which includes authority to control the scope and pace of discovery." *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990). A court should consider: (1)

hardship and inequity on the moving party without a stay, (2) prejudice the non-moving party will suffer if a stay is granted, and (3) judicial economy. *Abrams v. Ochsner Clinic Foundation*, No. 17-1755-SDD-EWD, 2018 WL 2746046, at *3 (M.D. La. June 7, 2018).

An analysis of these factors reveals that a stay is not warranted because of the pending state court lawsuit and medical review panel proceedings. First, Defendant would not suffer undue hardship and inequity without a stay. Plaintiff's claim in state court concerns Defendant's alleged failure to properly secure Plaintiff's belongings. In contrast, Plaintiff's federal claims concern the entirely distinct matter of Defendant's alleged failure to provide a female ASL interpreter. A ruling from the medical review panel regarding Plaintiff's state law negligence claim would minimally, if at all, inform any potential defenses to Plaintiff's federal claims. Second, Plaintiff likely would suffer prejudice if the stay is granted. This case has been pending since November of 2018. A stay would further delay discovery in the case and possibly deprive Plaintiff the opportunity to obtain evidence to prosecute her claims. Finally, the interests of judicial economy do not warrant a stay. Given the wholly separate allegations of misconduct, it would be disingenuous for the Court to find that a stay is necessary to avoid duplicative discovery and potentially inconsistent judgments. (Doc. 10 at p. 5).

III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Stay (Doc. 5)** is **DENIED.**

Baton Rouge, Louisiana, this 26th day of July, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA